IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KIQUON E. WEST** | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 22-5120 |
| | : | |
| **BAKERS HEALTHCARE GROUP** | : | |

**MCHUGH, J.**                                                                                                April 20, 2023

### MEMORANDUM

Plaintiff Kiquon E. West brings this action pro se against Defendant Bakers Healthcare Group (BHG), alleging that BHG violated the Federal Debt Collection Practices Act and other federal statutes when attempting to collect a debt against him. I previously dismissed Plaintiff's original Complaint, because Plaintiff did not support his claims with any non-conclusory factual allegations. Plaintiff has filed an Amended Complaint, which is now before me on a second Motion to Dismiss. Because Plaintiff has not cured the defects in his original Complaint, I will again grant Defendant's Motion.

**I.       Factual Allegations**

Plaintiff alleges that BHG sought to collect a debt against him using deceptive, unfair, and extortionate means. Am. Compl., ECF 11 at 3. He alleges that BHG sent him a letter in November 2022, in which it violated several provisions of the Federal Debt Collection Practices Act. *Id*. He further alleges that BHG conspired to punish him for the nonrepayment of the debt. *Id*. Plaintiff states that BHG's actions have severely impacted his mental health. *Id.* at 4. His Complaint provides no additional factual allegations pertaining to his claims.

## II. Standard of Review

Within the Third Circuit, motions to dismiss under Fed. R. Civ. P. 12(b)(6) are governed by the well-established standard set forth in *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

Although courts must afford pro se litigants leeway when interpreting their pleadings, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013).

## III. Discussion

In his Amended Complaint, Plaintiff brings claims under 15 U.S.C. § 1692k and 18 U.S.C. § 894(a). Plaintiff also lists statutory provisions associated with the Truth in Lending Act and Federal Home Loan Bank Act. Because Plaintiff has not pled any non-conclusory facts to support these claims, dismissal of all claims is warranted.

15 U.S.C. § 1692k establishes civil liability against any debt collector who fails to comply with the provisions of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* Plaintiff asserts that he "ha[s] proof that BHG has failed to comply with these laws and has been deceptive, unfair, and extortionate." Am. Compl. at 3. It is true that the Fair Debt Collection Practices Act prohibits debt collectors from using unfair means to collect or attempt to collect a debt. 15 U.S.C. § 1692f. But Plaintiff has not supported his claim with any specific factual assertions. When reviewing a motion to dismiss, I am bound to disregard any "'formulaic recitation of the elements of a . . . claim' or other legal conclusion,' as well as allegations that are 'so threadbare or speculative that they fail to cross the line between the conclusory and the factual'" before "evaluat[ing] the plausibility of the remaining allegations." *Lutz v. Portfolio Recovery Assocs.,*

*LLC*, 49 F.4th 323, 328 (3d Cir. 2022) (quoting *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016)).  Plaintiff has only provided legal conclusions pertaining to this claim.

Plaintiff's claim under 18 U.S.C. § 894(a) fares no better.  18 U.S.C. 894(a) is a criminal statute and does not provide Plaintiff with a private cause of action.  *See Mathis v. Phila. Elec. Co.*, No. CV 14-2234, 2015 WL 12914149, at *4 (E.D. Pa. July 31, 2015) (Goldberg, J.), *aff'd,* 644 F. App'x 113 (3d Cir. 2016) ("A private party may not generally sustain a lawsuit under Title 18 of the United States Code.").  In any event, Plaintiff has once again provided only a formulaic recitation of the elements of the claim rather than any factual allegations to support it.  As a result, I must also dismiss this claim.

Plaintiff has likewise not asserted any facts to support a claim under either the Federal Home Loan Bank Act, 11 U.S.C. §§ 1421 *et seq.*, or the Truth in Lending Act, 15 U.S.C. §§ 1601 *et seq.*, nor has Plaintiff provided "a short and plain statement of [either] claim."  Fed. R. Civ. P. 8(a)(2).  To the extent that Plaintiff seeks to assert a claim under either act, those claims must be dismissed.

In my February Order dismissing Plaintiff's First Complaint without prejudice, I explained the substantive requirements for complaints filed in federal court and the standard by which courts evaluate a motion to dismiss.  ECF 10.  Plaintiff's Amended Complaint goes no further to conform with federal pleading standards than his original one.  Because this is a non-civil rights case, Plaintiff has not requested leave to further amend his Complaint, and it appears to me that leave to amend would be futile, dismissal with prejudice is now warranted.  *See Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (amendment by *pro se* litigant would be futile when litigant "already had two chances to tell his story"); *Vorchheimer v. Phila.*

3

*Owners Ass'n*, 903 F.3d 100, 113 (3d Cir. 2018); *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252-53 (3d Cir. 2007).

### IV. Conclusion

For the reasons set forth above, Plaintiff's Complaint is dismissed with prejudice. An appropriate order follows.

/s/ Gerald Austin McHugh  
United States District Judge